IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD SUSANY, | ) | |
| 13535 Market Street, | ) | |
| North Lima, Ohio 44452 | ) | |
| | ) | CASE NO. |
| and | ) | |
| | ) | JUDGE: |
| LUCRETIA SUSANY | ) | |
| 13535 Market Street, | ) | |
| North Lima, Ohio 44452 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SELECTIVE INSURANCE COMPANY | ) | |
| OF SOUTH CAROLINA | ) | |
| 3426 Toringdon Way | ) | SELECTIVE INSURANCE COMPANY |
| Charlotte, NC 28277 | ) | OF THE SOUTHEAST'S NOTICE OF |
| | ) | REMOVAL OF CIVIL ACTION |
| Defendant | ) | |
| | ) | |
| | ) | |
| | ) | |

Defendant Selective Insurance Company of South Carolina ("Selective"), by and through its undersigned counsel, with full reservation of any and all rights and defenses, hereby provides its Notice of Removal of this civil action from the Court of Common Pleas, Columbiana County, State of Ohio, to the United States District Court for the Northern District of Ohio, Eastern

Division, and invocation of the United States District Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 2201 (the "Notice of Removal"), as a matter of right, on the following basis:

1. Selective is a defendant in a civil action pending in the Court of Common Pleas, Columbiana County, State of Ohio, captioned as Edward Susany, et al. v. Selective Insurance Company of South Carolina, Case No. 2018 CV 00012 (the "Action").

2. The Action was filed by Edward and Lucretia Susany (hereinafter jointly referred to as õSusanyö), alleging Breach of Contract, Bad Faith, Breach of Fiduciary Duty, Breach of Good Faith and Fair Dealing.  The action was filed on January 11, 2018.  A true and accurate copy of the Complaint is attached hereto as **Exhibit A**.

3. The Complaint is required to be served on Selective and Selective first received the Complaint on or after January 16, 2018**,** which is the date a copy of the Complaint was served upon Selective.  **Exhibit A** is a complete copy of the Complaint received by Selective.

4. The Complaint attached hereto as **Exhibit A** constitutes the entirety of all process, pleadings and orders served upon Selective to date.

5. In the Columbiana County Court of Common Pleas, Selective filed an Answer and Complaint for Declaratory Judgment, a copy of which is attached hereto as **Exhibit B**.

6. A copy of the Columbiana County Court of Common Pleas' docket is attached hereto as **Exhibit C.**  The docket evidences that the Complaint was filed on January 11, 2018 and service was perfected upon Selective on January 16, 2018.

7. Selective's Notice of Removal is being filed within thirty (30) days after the receipt by Selective of the initial pleading setting forth the claim for relief upon which the action is based and is timely pursuant to 28 USCS § 1446.

8. Plaintiffs' Complaint alleges that Susany and Selective are parties to policy of insurance H2179214, that covers residential property as well as the contents of the residence. It is further alleged that the policy contained endorsement No. HO 04 60 10 00, with Agreed Value Loss Settlement. The aforementioned Endorsement referenced scheduled personal property, in the declarations. (**Exhibit A**, paras. 5, 6, 7.)

9. Plaintiffs' alleges that specifically listed was a piece of jewelry described as "A 15" strand of "South Sea" pearls that contain (27) cultured 12.3-12.55 mm individually knotted pearls. The round safety pearl clasp is 14K yellow gold, 10.3 mm wide and has a "shrimp" surface design." The Pearls are alleged to have an appraised value of $24,824. (Exhibit A, para. 8.)

10. The Plaintiffs allege that on or about May 25, 2012, an appraisal for the aforementioned jewelry was issued by William R. Kimpel. It is alleged that the purpose of the appraisal was to provide an estimate of replacement cost for the intended use of obtaining insurance. (Exhibit A, paras. 9, 10.)

11. It is alleged that in the summer of 2015, Edward S. Susany took the Pearls to Kimpel's Fine Diamonds for the purpose of having the clasp repaired. When the repair was complete, Plaintiff picked up the Pearls and paid for the repair. (Exhibit A, paras, 12, 13.)

12. It is alleged that in May of 2017, the Plaintiffs took the Pearls to Komara Jewelers for appraisal. Plaintiff was allegedly told that the Pearls were not genuine. (Exhibit A, paras, 14.)

13. Plaintiffs filed a claim for the alleged theft of the Pearls. Selective investigated the loss and is alleged to have denied coverage listing as a reason that "the terms of the policy you

purchased from Selective does not afford insurance coverage for claims with no direct physical loss.ö  (**Exhibit A** - Complaint, paras. 16-19.)

14. As a result of the allegations in the Complaint, Plaintiffs allege that Defendant Selective breached its contract with Plaintiffs and that such conduct by Defendant allegedly constitutes bad faith.  Additionally, Plaintiffs allege Breach of Fiduciary Duty, Breach of Good Faith and Fair Dealing,

11. Plaintiff alleges damages for breach of contract in an amount of twenty four thousand, eight hundred and twenty four dollars ($24,824).  Additionally, for the count of bad faith, Plaintiff alleges compensatory damages in an amount of twenty four thousand, eight hundred and twenty four dollars ($24,824) and punitive damages in excess of one hundred thousand dollars ($100,000).  Plaintiff alleges for Breach of Fiduciary Duty of twenty four thousand, eight hundred and twenty four dollars ($24,824).  Plaintiff alleges for Breach of Good Faith and Fair Dealing compensatory damages in an amount of twenty four thousand, eight hundred and twenty four dollars ($24,824) and punitive damages in excess of one hundred thousand dollars ($100,000).  (**Exhibit A** - Complaint supra õWhereforeö clause.)

12. The United States District Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, which provides jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

13. Insofar as the resolution of this matter requires the court to declare the rights and duties of the parties pursuant to the language of the policy of insurance, this Court has jurisdiction under U.S.C. § 2201, which provides jurisdiction over Declaratory Judgment actions.

14. Selective is an insurance company incorporated in the State of Indiana, having its principal place of business in the State of New Jersey and Selective is a citizen of the State of Indiana as contemplated by 28 U.S.C. § 1332.

15. It is alleged that Plaintiffs are residents of the State of Ohio and their residence is in North Lima, Ohio. (Complaint, para. 1.) Therefore, Plaintiff is a citizen of the State of Ohio as contemplate by 28 U.S.C. § 1332.

16. As Plaintiff has alleged damages in the amount in excess of Seventy Five Thousand Dollars ($75,000.00), and the civil controversy is between citizens of different states, this Court has jurisdiction.

17. The United States District Court for the Northern District of Ohio, Eastern Division is the appropriate venue for the removal of the action as it is the district court of the United States for the district and division embracing the place where the action is pending and is the appropriate district and division for removal of this action pursuant to 28 U.S.C.S. § 1441. Further, it is the judicial district in which a substantial part of the events or omissions giving rise to the claim are alleged to have occurred, or a substantial part of property that is the subject of the action is allegedly situated under 28 USCS § 1391.

18. Written notice of the filing of this Notice of Removal is being provided to Plaintiff and the Court of Common Pleas, Columbiana County, State of Ohio, pursuant to 28 U.S.C.S. § 1446, by Selective's filing of the Notice of Removal to the United States District Court for the Northern District of Ohio, Eastern Division, a copy of which is being attached hereto as **Exhibit D,** along with a copy of the within Notice of Removal with the clerk of the County Court and service of the County Court Notice and documents upon counsel for Plaintiff as indicated in the Certificates of Service affixed hereto.

WHEREFORE, Selective provides its Notice of Removal of this Civil Action to the United States District Court for the Northern District of Ohio, Eastern Division.

Respectfully submitted,

/s/ *William H. Kotar*

_____
James J. Imbrigiotta (0040317)
James L. Glowacki (0001733)
William H. Kotar (0073462)
Attorneys for Defendant
**GLOWACKI, IMBRIGIOTTA
& DOUCETTE, LPA**
7550 Lucerne Drive, Suite 408
Middleburg Heights, OH 44130
(440) 243-2727
Fax: (440) 243-2636
Email: mail@gidlaw.com

CERTIFICATE OF SERVICE

The undersigned certifies that on February 12, 2018 a copy of the foregoing was served upon each of the following by sending it by electronic means to an e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served pursuant to Civil Rule 5(B)(2)(f):

***Plaintiff attorney:***
Mark A. Hutson, Esq.
33 Pittsburgh Street
Columbiana, OH 44408
(330) 482-4040
Email: mhutson@markhutsonlaw.com

/s/ *William H. Kotar*

_____
James J. Imbrigiotta
James L. Glowacki
William H. Kotar
Attorneys for Defendant